**IN RE POOLE**

[357 N.C. 151 (2003)]

IN THE MATTER OF: RAVEN POOLE

No. 412A02

(Filed 2 May 2003)

**Juveniles— dependent child—custody—failure to serve summons on father**

A decision of the Court of Appeals that the trial court lacked jurisdiction to enter an order adjudicating a child to be a dependent juvenile and awarding custody to her aunt and uncle when only the mother and not the father was served with a summons is reversed for the reasons stated in the dissenting opinion that the requirements set forth in the UCCJEA do not divest a court of jurisdiction where no other court has any claim to jurisdiction over the action; the instant action was brought under the Juvenile Code and not the UCCJEA; under the UCCJEA, the trial court need not have personal jurisdiction over a party in order to make a child custody determination; and the lack of notice did not unreasonably deprive the father of his due process rights.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 151 N.C. App. 472, 568 S.E.2d 200 (2002), vacating and remanding an adjudication and disposition order entered 30 April 1997 and reduced to writing and signed by Judge John S. Hair, Jr., on 12 June 1997 in District Court, Cumberland County, as well as "any subsequent dispositional orders." Heard in the Supreme Court 11 March 2003.

*Cumberland County Department of Social Services, by John F. Campbell, Staff Attorney, petitioner-appellant.*

*Hatley & Stone, P.A., by Michael A. Stone, for respondent-appellee Bernard Poole.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.